# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-981V
UNPUBLISHED

| | |
|---|---|
| REBECCA CARY,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Theodore J. Hong, Maglio, Christopher & Toale PA, Seattle, WA, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On July 9, 2019, Rebecca Cary filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza ("flu") vaccination on February 27, 2018, and thereafter suffered from a left-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1- 6.  Petitioner further alleges that her injuries lasted for more than six months. Petition at 6, ¶ 21. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 24, 2021, Respondent filed a combined Rule 4(c) report and Proffer ("Rule 4/Proffer") in which he concedes that Petitioner is entitled to compensation in this case. Rule 4/Proffer at 1. Specifically, Respondent states that Petitioner's claim meets

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the Table criteria for SIRVA. *Id.* at 8. Respondent further agrees that "petitioner had no apparent history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms." *Id.* Respondent states that Petitioner is entitled to a presumption of vaccine causation. *Id.*

Finally, Respondent agrees that "[w]ith respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration…Petitioner also avers that she has never filed an action for her vaccine-related injury, nor has she ever received compensation in the form of an award or settlement." *Id.* Thus, in light of the information contained in Petitioner's medical records and affidavit, respondent concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master